UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SUSAN POWERS, individually and on behalf : 
of all others similarly situated, : 22 Civ.
 :
                            Plaintiff, :
 :
           - against - : **COMPLAINT AND**
 : **DEMAND FOR JURY TRIAL**
MAMA'S BOY BURGERS, LLC., and : Case No.: 1:22-CV-0502 (MAD/ML)
MICHAEL KOEGEL, :
 :
                        Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Plaintiff Susan Powers (hereinafter "Powers"), individually and on behalf of all others similarly situated, by her attorney, Margaret McIntyre, complains of defendants, Mama's Boy Burgers, LLC (hereinafter "Mama's") and Michael Koegel (hereinafter "Koegel"), as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff, a restaurant server employed by defendants from August 2020 until May 7, 2022, complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and New York Labor Law § 196-d that she is owed back wages, *i.e.*, tips paid by customers and misappropriated by Defendants.

      2.     Plaintiff, seeking disgorgement of tips so misappropriated, and statutory damages, brings this lawsuit on behalf of similarly situated persons who elect to opt into this action pursuant to 29 U.S.C. § 216(b).

      3.     Plaintiff, by counsel, caused to be delivered to Defendants a demand that they bring themselves into compliance with those statutes and make compensate Ms. Powers for tips wrongfully retained. Nine days after delivery of that demand, Defendants terminated Ms.

Powers's employment although she had done nothing to warrant termination. Plaintiff accordingly complains pursuant to 29 U.S.C. § 215(a)(3) and Labor Law § 215 of retaliation.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5.      The venue of this action is proper because the decision to misappropriate tips pay was made at Defendants' offices, which offices are located within the Northern District of New York and because plaintiff performed labor and services at premises maintained by the defendants in the Northern District of New York.

## PARTIES

6.     At all relevant times, defendant Mama's Boy Burgers, LLC, Inc. is a domestic limited liability company. At all relevant times, Mama's was and is a restaurant with a principal place of business at 6067 Main Street in the Village of Tannersville, County of Greene, State of New York.

7.     At all relevant times, Koegel was and is the principal of Mama's. At all relevant times, Koegel directed Plaintiff's work for Defendants. At all relevant times, Koegel exercised sufficient control over the restaurant to be considered plaintiffs' employer within the meaning of the FLSA and the Labor Law.

2

8. Powers is a natural person, currently residing in the Hamlet of Maplecrest, Town of Windham, County of Greene, State of New York.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendants as tipped employees at Mama's at any time between May 15, 2019 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

10. Defendants are liable under the FLSA for, among other things, failing to compensate plaintiffs properly. Upon information and belief, there are many similarly situated current and former employees of Defendants who have not been properly paid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to Defendants, are readily identifiable, and can be located through the use of Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

11. Plaintiff's Consent to Join Collective Action is annexed hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

12. Defendants were, at all relevant times, and are, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

13. Upon information and belief, defendants, in combination with persons performing related activities for a common business purpose, is an enterprise whose annual gross volume of

sales made or business done is not less than $500,000, exclusive of sales taxes.

14. Mama's is a restaurant within the meaning of 12 N.Y.C.R.R. § 146-3.1(b).

15. From the beginning of Ms. Powers's employment at Mama's, Defendants have required their tipped employees, including Ms. Powers, to share 30% of the tips given by customers via credit card with Mama's Boy's cooks and managers.

16. On or about April 1, 2022, Mama's modified its policy to the extent that all tips given to front-of-the-house employees would be shared with back-of-the-house employees and managers on a pro rata basis according to the hours worked by each person per day.

17. Upon information and belief, during Ms. Powers's employment at Mama's, she was required to "tip out" approximately $6,000.00 pursuant to these policies.

18. On April 28, 2022, Ms. Powers, by counsel, caused to be delivered to Defendants a demand that they bring themselves into compliance with the Fair Labor Standard Act and New York Labor Law.

19. On or about May 5, 2022, Ms. Powers communicated with a former Mama's coworker who was, at that time, considering returning to work for Defendants. Ms. Powers informed the former coworker that Defendants' tip-misappropriation policy was unlawful.

20. Upon information and belief, between May 5 and May 7, 2022, Defendants became aware of the communication described in Paragraph 19.

21. On May 8, 2022, as Ms. Powers was about to enter Mama's to begin her shift, Defendant Koegel intercepted her. He berated her, told her that no one at the restaurant liked her and terminated her employment.

22. However, Ms. Powers had been, to that point, an employee of Mama's in good

standing. She had done nothing to warrant termination.

23. During her employment at Mama's, Ms. Powers sometimes reported for work but was sent home after less than three hours' work. However, on those occasions, she was not paid "call-in" pay.

24. Employers of tipped employees in the hospitality industry in New York are required, by 12 N.Y.C.R.R. § 146-2.17, to generate, maintain and preserve a daily log of the tips collected by each employee on each shift and the amount in tips that each employee receives from the tip pool.

25. Upon information and belief, Defendants failed to make, keep and preserve records as required by 12 N.Y.C.R.R. § 146-2.17.

26. Upon information and belief, Defendants failed to make, keep and preserve records as required by N.Y. Labor Law § 195(4).

27. Upon information and belief, Defendants failed to make, keep and preserve records as required by 29 U.S.C. § 211(c).

28. Upon information and belief, Defendants failed to provide Plaintiff the notices required by N.Y. Labor Law § 195(1).

29. Upon information and belief, Defendants failed to provide Plaintiff the statements required by N.Y. Labor Law § 195(3).

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

30. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 29 of this Complaint.

31. Defendants retained and/or misappropriated a portion of the tips of Plaintiff and persons similarly situated.

32. Under 29 U.S.C. § 203(m)(2)(B), an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips.

33. Upon information and belief, Defendants were aware that it was unlawful for an employer to keep tips received by their employees. Accordingly, their violation of the FLSA was willful.

34. Plaintiff and persons similarly situated are accordingly entitled to disgorgement of tips wrongfully withheld by Defendants, together with liquidated damages thereon and attorneys' fees.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

35. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 34 of this Complaint.

36. Under New York Labor Law § 196-d, no employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

37. Under 12 N.Y.C.R.R. § 146-2.16, although an employer may require food service workers to participate in a tip pool and may set the percentage to be distributed to each occupation from the tip pool, only food service workers may receive distributions from the tip

pool. The New York Hospitality Industry Wage Order provides that such employees as wait staff, counter personnel who serve food or beverages to customers, bus persons, bartenders, service bartenders, barbacks, food runners, captains who provide direct food service to customers and hosts who greet and seat guests are eligible to participate in a tip pool.

38. Plaintiffs and persons similarly situated are accordingly entitled to disgorgement of tips wrongfully withheld by Defendants, together with liquidated damages and interest thereon and attorneys' fees.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

39. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 38 of this Complaint.

40. Defendants failed to give Plaintiff notices providing information regarding their employment and rate or manner of pay as required by NYLL § 195 (1)(a).

41. Plaintiff is accordingly entitled to penalties of up to $5,000 for the notice required by the NYLL, as well as costs of this action, prejudgment interest, and reasonable attorney's fees pursuant to NYLL §§ 198 (1-b) and (1-d).

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

42. Plaintiff incorporates by reference each and every allegation made in Paragraphs 1 through 41 of this Complaint.

43. Defendants failed to give Plaintiff statements with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee;

name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. including the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

44. Plaintiff is accordingly entitled to penalties of up to $5,000 for the statements required by the NYLL, as well as costs of this action, prejudgment interest, and reasonable attorney's fees pursuant to NYLL §§ 198 (1-b) and (1-d).

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

45. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 44 of this Complaint.

46. Defendants discriminated and/or retaliated against plaintiff because she filed a complaint under the Fair Labor Standards Act.

47. Defendants having retaliated in violation of the Fair Labor Standards Act, plaintiff is entitled to appropriate legal and equitable relief, including back pay with interest thereon, damages for emotional distress, punitive damages and attorney's fees.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION

48. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 47 of this Complaint as though the same were fully set forth herein.

49. Plaintiff has duly advised the Attorney General of the State of New York of the

filing of a retaliation claim pursuant to N.Y. Labor Law § 215(2)(b).

50. Defendants penalized or otherwise discriminated against Plaintiff because she had made a complaint to her employer in accordance with the New York Labor Law.

51. Plaintiff is accordingly entitled to liquidated damages in an amount not greater than $20,000.00, back pay with interest thereon and reasonable attorney's fees.

## AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION

52. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 51 of this Complaint as though the same were fully set forth herein.

53. Under 12 N.Y.C.R.R. § 146-1.5, an employee who by request of permission of the employer reports for duty on any day, whether or not assigned to actual work, shall be paid at the applicable wage rate for at least three hours for one shift, or the number of hours in the regularly scheduled shift, whichever is less.

54. When Defendants sent Ms. Powers home on "slow" business days after less than three hours, they did not pay her the amounts required by § 146-1.5.

55. Plaintiff is accordingly entitled to back pay with liquidated damages and interest thereon, plus attorney's fees and the costs of this action.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by the Complaint.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

1. Directing Defendants to disgorge tips wrongfully withheld for Plaintiff

and persons similarly situated;

    2.    Directing Defendants to pay liquidated damages under the FLSA and the New York Labor Law to Plaintiff;

    3.    Directing Defendants to pay back pay with liquidated damages and interest thereon to Plaintiff;

    4.    Directing defendants to pay pre-judgment interest;

    5.    Granting a permanent injunction enjoining defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiff as secured by the New York Labor Law;

    6.    Awarding plaintiff punitive damages and damages for emotional distress;

    7.    Awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

    8.    Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       May 13, 2022

                                                   /s/
                                    Margaret McIntyre, Attorney at Law
                                    195 Montague Street, 14th Floor
                                    Brooklyn, New York 11201
                                    (212) 227-9987
                                    mem596@icloud.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SUSAN POWERS, individually and on behalf of all others similarly situated, | : : : | 22 Civ. |
| Plaintiff, | : : : | **CONSENT TO JOIN** |
| - against - | : : | **COLLECTIVE ACTION** |
| MAMA'S BOY BURGERS, LLC and MICHAEL KOEGEL, | : : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

To:   Clerk of the Court
      James T. Foley Courthouse, Suite 509
      445 Broadway
      Albany, NY 12207

    I was employed by Mama's Boy Burgers, LLC and/or Michael Koegel on or after May 15, 2019. I understand this suit is being brought under the federal Fair Labor Standards Act for unpaid wages. I consent to become a party plaintiff to this lawsuit, to be represented by Margaret McIntyre, Esq. (retainer agreement on file at 195 Montague Street, 14th Floor, Brooklyn, New York 11201) and to be bound by any settlement of this action or adjudication of the Court.

    I declare under penalty of perjury that the foregoing is true and correct.

*susan m powers*
susan m powers (May 11, 2022 09:45 EDT)
Signature

May 11, 2022
Date

susan m powers
Printed Name