Margaret McIntyre
Attorney at Law
195 Montague Street, 14th Floor
Brooklyn, New York 11201
Tel. (212) 227-9987
Fax (917) 809-6704
mem596@icloud.com
www.margaretmcintyrelaw.com

November 17, 2022

BY ECF

The Honorable Miroslav Lovric
U.S. Magistrate Judge
United States District Court, Northern District of New York
15 Henry Street
Binghamton, New York 13901

                        Re:    Powers v. Mama's Boy Burgers, LLC et al.
                               22 Civ. 00502 (MAD) (ML)

Dear Magistrate Judge Lovric:

      I, along with Jonathan Bernstein of Isaacs Bernstein, P.C., represent Plaintiff Susan Powers in the above-referenced action. On behalf of all parties, I write to submit the parties' joint request that the Court approve the parties' settlement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The parties' Settlement Agreement and Plaintiff's counsel's billing records are included with this letter motion. For the reasons that follow, the parties respectfully request that the Court grant the instant motion in its entirety on the grounds that the settlement affords complete relief with respect to the FLSA wage claim and represents a reasonable compromise of a bona fide dispute with a respect to the remaining claims as well as a fair distribution of the settlement proceeds.

**Procedural History and Background to the Settlement**

      This lawsuit was brought by Plaintiff Susan Powers ("Plaintiff") against Defendant Mama's Boy Burgers, LLC, and Michael Koegel ("Defendants") to recover unpaid wages in the form of tips under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Art. 6. *et seq.*, and the regulations related thereto ("NYLL"). Plaintiff also brought claims to redress failure on the part of Defendants to issue Plaintiff with a wage notice and wage statements that complied with the NYLL §§ 195(1) and 195(3), and for retaliation in violation of NYLL §215 and 29 U.S.C. § 215. The claim for nonconforming wage statements was dismissed by so-ordered stipulation.

Defendants filed an answer on July 13, 2022, disputing each and every one of Plaintiff's claims for unpaid tips and failure to provide pay notices to her. Defendants denied any violation of the FLSA and/or the NYLL, including the alleged claim for retaliation.

On January 26, 2022, the parties appeared for an Initial Conference before Your Honor and the Court issued an Order referring the parties to Mediation. After a mediation session on October 19, 2022, the parties reached an agreement and subsequently executed the attached Settlement Agreement and Release ("the Agreement").

The parties have evaluated their respective positions and the significant time and expense of continued litigation. The parties wish to avoid the considerable uncertainty and risks of litigation, as well as the expense and length of continued proceedings necessary to prosecute and defend this matter. The Agreement presented to the Court is the product of arms-length negotiations between experienced counsel, with significant assistance from a mediator in the Northern District of New York Mediation Program. A copy of the Agreement is annexed as Exhibit 1.

## Legal Standard for Approval of Settlement

When FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Paganas v. Total Maint. Sol., LLC*, No. 15 CV 5424 (ARR) (LB), 2019 U.S. Dist. LEXIS 25314, at *4 (E.D.N.Y. Feb. 14, 2019) (*quoting Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). The FLSA places strict limits on an employee's ability to waive claims "for fear that employers would [otherwise] coerce employees into settlement and waiver." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. *Id.*

Among the factors to be considered in the determining the issue of fairness are (1) the ranges of potential recovery by the plaintiff; (2) the litigation risks faced by the parties; (3) the extent to which the parties will avoid the burdens of expensive litigation; (4) whether the agreement results from good-faith, arm's-length negotiations involving experienced attorneys; and (5) whether there is any indicia of fraud or collusion. *Julian v. Applied Robotics, Inc.*, 2020 US Dist LEXIS 75025, at *4 (N.D.N.Y. Apr. 29, 2020) (Lovric, M.J.) (citations, alterations and quotations omitted). When a proposed FLSA settlement includes payment of attorneys' fees, the reasonableness of the fee award must also be examined. *Id.* When evaluating the overarching consideration of fairness, the court bears in mind that "the vast majority of FLSA cases . . . are simply too small, and the employer's finances too marginal, for proceeding with litigation to make financial sense if the district court rejects the proposed settlement." *Cheeks*, 796 F.3d at 206-07 (quotation marks omitted).

In *Cheeks*, the Second Circuit provided guidance as to the types of provisions that contravene the FLSA's remedial purpose of preventing abuses by unscrupulous employers, and remedying the disparate bargaining power between employers and employees. *Id.* at * 5. The Second Circuit specifically disapproved of settlement agreements containing:

> (1) a battery of highly restrictive confidentiality provisions in strong tension with the remedial purposes of the FLSA; (2) an overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues; and (3) a provision that would set the fee for plaintiff's attorney without adequate documentation to support such a fee award. Courts in this Circuit also commonly decline to approve settlements containing overbroad non-disparagement provisions.

*Id.* (citations, quotations and alterations omitted).

Approval of a settlement is warranted where it is the result of "contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Reyes v. Buddha-Bar NYC,* 2009 U.S. Dist. LEXIS 27852, at *8 (S.D.N.Y. May 28, 2009).

The payment of $18,000 as damages to Plaintiff reflects a reasonable compromise in view of the possible recovery and both sides' risk of loss.

<u>The Wage Claim</u>

Plaintiff calculated her pay losses at approximately $6,000. She sought statutory liquidated damages in an equal amount. The settlement agreement provides for $12,000, *i.e.*, $6,000 wages plus $6,000 liquidated damages. That is, Defendants are prepared to pay the full value of the wage claim, including liquidated damages, notwithstanding their denial of liability.

<u>The Retaliation Claim</u>

Plaintiff alleged that Defendants terminated her employment in retaliation for her pre-suit demand to disgorge allegedly misappropriated tips. Defendants denied retaliatory termination as well as the underlying violation. Plaintiff disclosed in her Initial Disclosures that she had promptly mitigated her damages, *i.e.*, that she suffered no economic loss. The FLSA authorizes recovery of back pay, compensatory and punitive damages in a retaliation case; the New York Labor Law authorizes back pay and liquidated damages of up to $20,000. No discovery has been had with respect to damages.

The settlement provides for $5,000 in consideration of the retaliation claim. In view of the absence of economic damages and the uncertainty that evidence in support of compensatory/punitive damages would be developed in discovery, it is respectfully submitted

3

that this represents a reasonable compromise of the retaliation claim.

### The Wage Notice Claim

Plaintiff sought $5,000 liquidated damages for violation of the time-of-hire notice provisions of N.Y. Labor Law § 195. Defendants denied the violation and alleged that a private plaintiff lacks standing to seek § 195 liquidated damages in federal court. Plaintiff alleged that the several opinions so holding, issued by a single E.D.N.Y. judge, were wrongly decided. In any event, the Second Circuit has not ruled on the issue. The parties regard litigating this issue in the context of a single-plaintiff case as an inefficient use of the parties' and this Court's resources. Accordingly, it is respectfully submitted that the settlement, which provides for $1,000 in consideration of the wage-notice claim, is a reasonable compromise.[1]

### The Release

Courts scrutinizing FLSA settlement have refused to approve settlements with broad releases of claims, concluding that they conflict with the FLSA's remedial purposes. *Julian*, 2020 U.S. Dist. LEXIS at * 9 (citations and quotations omitted). In this Circuit, courts routinely reject broad releases in FLSA cases of unknown claims and claims that have no relationship whatsoever to wage-and-hour issues. *Id.*

Paragraph 5 of the Settlement Agreement contains a limited release by Plaintiff, concerning only the wage-and-hour and retaliation claims that were asserted or could have been asserted by Plaintiff in the complaint, in compliance with the requirements of *Cheeks*. Additionally, as Plaintiff is no longer an employee of Defendants , there is no danger that the limited release was obtained through improper job-related pressure. *See Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016). As this limited release by Plaintiff of Defendants is narrowly tailored only to wage-and-hour and associated retaliation claims relating to this lawsuit, the parties believe that it is fair and reasonable, and request that it be approved. *See Zelidon v. Staubitz Meat Market, Inc*., No. 21 CV 476 (EK) (LB), 2021 WL 4942950, at *3 (E.D.N.Y Sept. 14, 2021), *adopted by* No. 21 CV 476 (EK) (LB), 2021 WL 4942800, at *3 (E.D.N.Y Oct. 21, 2021); *Alvarez v. Delicias Tropical Restaurant Inc.*, No. 20 CV 3224 (LDH) (LB), 2021 WL 7185501, at *3 (E.D.N.Y May 5, 2021).

### The Limited Confidentiality and Non-Disparagement Clauses

Although not all non-disparagement clauses are per se objectionable, if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiff's experience litigating her case. *Julian*, 2020 U.S. Dist. LEXIS 75025 at * 8.

Paragraph 9 of the Settlement Agreement, pursuant to which the parties mutually agree not to disparage each other, does not overreach. The provision expressly states, "Nothing in this

---

[1] Settlements of N.Y. Labor Law claims are not subject to the *Cheeks* approval requirement.

Agreement shall be construed to keep the terms and conditions of this Agreement confidential, except as provided for herein." The sole exception is Plaintiff's agreement not to disclose the specific dollar amount of the consideration for the agreement, except as required by law. This provision is made with the recognition that the Settlement Agreement will be filed with the Court and will therefore be public, but the settlement amount will not be a matter of public discussion. Further, Paragraph 9 of the Settlement Agreement contains the required carve-out for truthful statements about Plaintiff's experience litigating her case, and was crafted to comport with that limitation on permissible non-disparagement agreements, while satisfying the needs of the parties to bring finality to their dispute. *See Zelidon*, 2021 WL 4942950, at \*4; *Alvarez*, 2021 WL 7185501, at \*3.

<u>Attorneys' Fees and Costs</u>

Plaintiff's attorneys' fees of $12,718.75 do not present any barrier to approval. This amount includes $11,303.09 in fees and $1,415.66 in costs, which include the court filing fee, service of process, the pro hac vice motion filing fee and mediation fees.

The parties reached agreement on the $18,000 principal amount payable to Plaintiff with the assistance of the Hon. Randolph F. Treece, mediator. The parties thereafter reached agreement with respect to Plaintiff's attorneys' fees. Otherwise stated, the payment of attorneys' fees incident to the proposed settlement is a lodestar-based payment rather than a contingency fee. In fact, the agreed payment of attorneys' fees represents a significant discount from the lodestar amount that can be calculated in this case.

Two counsel have represented the Plaintiff because Jonathan Bernstein first represented Plaintiff to try to resolve the matter without litigation. I was brought in to file the case and then Jonathan Bernstein joined as pro hac vice counsel.

My regular hourly rate is $500, but for purposes of this case was $350.00. I was admitted to practice in New York State in 1996 and admitted to the bar of this Court in 2008. Since 1996, I have practiced labor and employment law almost exclusively. Similarly, Jonathan Bernstein has been practicing labor and employment law in the Southern and Eastern District Courts since 1998. His regular hourly rate is $500 but is $350 for purposes of this case. Exhibit 3 consists of receipts for expenses incurred in this matter, save for court docketing fees and expenditures under $10.00.

Prior to the mediation, Plaintiff's two counsel had spent a combined 30 hours as of September 6, as reflected in billing records that were provided to the mediator. We anticipated an additional 10 hours for the full settlement process, and thus calculated the fees-and-costs portion of Plaintiff's settlement demand at $14,690. At the mediation session, the parties decided to agree first on the amount of the settlement to compensate Plaintiff, with the understanding that if we agreed on Plaintiff's settlement payment, we could negotiate an amount for fees and costs and, if unsuccessful, Plaintiff would make a motion to the Court to determine fees and costs. As a gesture of good faith, Plaintiff maintained the demand of $14,690, even though, by October 28, 2022, we had recorded a combined total of 53 hours, at a value of $18,550 for fees alone. (Those records are annexed hereto as Exhibit 2.) The parties reached agreement on $12,718.75, an approximate reduction of one-third of the fees and costs incurred.

For all of the foregoing reasons, the parties respectfully request that this Court grant their joint motion and approve the settlement of this action, including approval of the Plaintiff's release of claims under the FLSA and NYLL, and "so order" the annexed Settlement Agreement, so that this action shall be dismissed with prejudice, subject to the condition that the matter may be reopened if the settlement payment is not made within fourteen (14) days from the satisfaction of the last to occur of the following (i) the Court's issuance of an order approving the Settlement Agreement; and (ii) Plaintiff's delivery of Plaintiff's executed and properly completed IRS Forms W-4 and W-9 to Defendant's counsel.

Respectfully submitted,

/s/ *Margaret McIntyre*

Margaret McIntyre

Jonathan Bernstein
Isaacs Bernstein, P.C.
2108 Yardley Road
Yardley, PA 19067
(917) 693-7245

*Attorneys for Plaintiff*

cc:   Scott P. Quesnel, Esq.
      Girvin & Ferlazzo, P.C.,
      Attorneys for Defendants